# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:11-mj-00615-KPF |
| RHONDA MURPHY, ) | |
| Defendant. ) | |

## ENTRY DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER

This criminal matter is before the Court on a Motion to Revoke the magistrate judge's order finding that Defendant Rhonda Murphy ("Murphy") was not entitled to a detention hearing to determine whether she should be temporarily detained pending a transfer to the district of prosecution; in this case the Northern District of Indiana. For the reasons set forth below, Murphy's Motion to Revoke Detention Order (Dkt. 5) is **DENIED** and the Court orders Murphy be transferred in custody forthwith to the Northern District of Indiana for further proceedings.

## I. BACKGROUND

Murphy has a pending criminal prosecution in the Northern District of Indiana wherein she has pled guilty to Aiding in the Filing of a False Tax Return (Title 26 U.S.C. 7206(2). Murphy was placed on pretrial release with certain conditions pending sentencing, and was being supervised by the United States Probation Office in the Southern District of Indiana. Murphy was allowed to reside in Indianapolis, Indiana and was working at a local Wal-Mart. While working at Wal-Mart, Murphy was allegedly caught stealing by a security camera and her employment was terminated. On September 22, 2011, Murphy was charged with theft and she currently has a new case pending in the Marion Superior Court. A Petition for Violation of

Pretrial Release Conditions was filed in the Northern District of Indiana wherein it is alleged that Murphy failed to report either of these incidents to her probation officer in violation of the conditions of her pretrial release. On October 10, 2011, Murphy was arrested in the Southern District of Indiana pursuant to an arrest warrant issued by the Northern District of Indiana. In accordance with the Federal Rules of Criminal Procedure, Murphy was taken before Magistrate Judge Foster for a Rule 5(c)(3) hearing on October 13, 2011. Murphy waived identity and the charges and rights were read and explained. At the October 13th hearing, Murphy was represented by counsel who argued that Murphy was entitled to adjudicate her temporary release conditions through a detention hearing pursuant to 18 U.S.C. § 3142(f) in this District, rather than in the Northern District of Indiana where the warrant for arrest originated. Magistrate Judge Foster ruled that he did not have authority to consider the release or detention of Murphy and ordered her transported back to the Northern District of Indiana, the charging district, for further proceedings.

## II. DISCUSSION

Federal Rule of Criminal Procedure 32.1 requires that a person in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge in an adjacent district "if the person is held in custody in a district other than where an alleged violation occurred." Fed. R. Crim. P. 32.1(a)(1)(b). Moreover, under Rule 5(c)(3)(D) if the initial appearance occurs in a district other than where the offense was allegedly committed, a magistrate judge must transfer the defendant to a district where the offense was allegedly committed if: (1) the government produces a warrant and (2) the judge concludes the defendant is the same individual named in the warrant. *See* Fed. R. Crim. P. 5(c)(3)(d). Murphy does not contest that the government has produced a warrant or that she is the individual named in the warrant. Instead, she argues that she is entitled to a detention hearing pursuant to the Federal

2

Rules of Criminal Procedure. *See* Fed. R. Crim. P. 36(a)(1) ("The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings."). Therefore, Murphy's motion to revoke the detention order turns on whether she is entitled by federal law to a detention hearing in the Southern District of Indiana.

Specifically, Murphy challenges her current detention and argues that she is entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f) before being transferred to the Northern District of Indiana. She further alleges that there is no circumstance in which federal law permits a person to be detained and transferred in custody to the district of prosecution without first conducting a detention hearing in the district of arrest. Murphy's argument is contradicted by Seventh Circuit precedent.

In *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986), the Seventh Circuit examined a similar issue to this case when the court found that a detention hearing was properly requested in the charging district as opposed to the district of arrest. In *Dominguez*, the defendants were indicted on a cocaine-trafficking charge in the Northern District of Indiana, but they were arrested in Florida. *Dominguez*, 783 F.2d at 703. The defendants appeared before the magistrate in Florida, who conducted a hearing under Rule 40(a) and set a bond for each defendant. *Id.* At the time of the Florida hearing, the government failed to move for pretrial detention under 18 U.S.C. § 3142(e). *Id.* After removal proceedings took place, the defendants were transported to Indiana, where the government for the first time moved for pretrial detention, thereby invoking the necessity for a detention hearing. *Id.* The presiding magistrate judge revoked the Florida magistrate judge's detention order as well as denied the government's motion, concluding that the government had waived its right to request it by failing to do so at their first appearance in Florida. *Id.* The presiding magistrate judge subsequently detained the

3

defendants on his own motion after reviewing the evidence, and the defendants appealed. *Id.* The Seventh Circuit held that the "first appearance" for purposes of granting a detention hearing pursuant to § 3142(f) is the defendant's first appearance before a judicial officer in the district of prosecution, not the district of arrest. *Id.* at 704 ("We believe that the most informed decisions will almost always be made in the charging district by prosecutors that have supervised the investigations and by courts that will supervise the remaining proceedings. Those officials should always have the option of seeking detention within the statute's limits and according to its procedures.").

Additionally, the Second Circuit in *United States v. Melendez-Carrion*, 790 F.2d 984 (2d Cir. 1986), relied on *Dominguez* in holding that where a defendant is arrested in one district based on prosecution in another district, the defendant is "not entitled to a detention hearing prior to removal" for the purpose of § 3142(f). 790 F.2d at 990. The Second Circuit further reasoned that it was highly unlikely that Congress would have wanted detention hearings to occur in districts scattered about the United States in cases involving multiple defendants where the defendants were arrested in different states. *Id.* at 990-91.

Here, Magistrate Judge Foster relied on the fact that the Federal Rules of Criminal Procedure do not *require* the district of arrest to hold a detention hearing before removal and held that the district issuing Murphy's arrest warrant is entitled to require her presence before the court and may decide to require temporary detention of the defendant during her transfer. Moreover, he found there was probable cause to believe that Murphy had committed a new crime of theft in the Southern District of Indiana based upon the information available to him. In light of the holding in *Dominguez* articulating that the charging district, instead of the district of arrest,

is the most appropriate district for performing a detention hearing, the Court finds that Magistrate Judge Foster's denial of Murphy's request for a detention hearing was proper.

### III. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Revoke Detention Order (Dkt. 5) is **DENIED**. This Court orders Murphy be transferred in custody forthwith to the Northern District of Indiana for further proceedings.

SO ORDERED.

Date: 10/19/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

William E. Marsh
Indiana Federal Community Defenders
bill.marsh@fd.org

Steven D. DeBrota
Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204